IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN THE MATTER OF:<br>Luther Holmes,<br>Gwenzella L. Holmes,<br><br>    Debtors. | CHAPTER 7<br><br>JUDGE BARBARA<br>ELLIS-MONRO<br><br>CASE NO. 13-64738 |
| Gateway One Lending & Finance, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>Luther Holmes and<br>Gwenzella L. Holmes,<br><br>    Defendants. | Adversary Proceeding No.<br>_____<br><br><br><br>**CONTESTED MATTER** |

### COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §§523(a)(2)(A) and 523(a)(2)(B)

COME NOW Gateway One Lending & Finance, LLC ("GOLF"), Plaintiff, and pursuant to 11 U.S.C. §§523(a)(2)(A) and 523(a)(2)(B) files its Complaint to Determine Dischargeability of Debt and shows this Court as follows:

### PARTIES AND JURISDICTION

1.

The Defendants are the Debtors in this bankruptcy case, commenced on July 2, 2013 under Chapter 7 of Title 11 of the United States Bankruptcy Code, case number 13-64738.

2.

GOLF is a creditor of the Defendants as Debtors in the above case.

3.

This is a core proceeding, and this Court has jurisdiction over this Complaint pursuant to the provisions of 28 U.S.C. §157(b)(2)(I) and 11 U.S.C. §523.

4.

Venue is proper in this Court pursuant to 28 U.S.C. §1409.

## STATEMENT OF FACTS

5.

Plaintiff is a corporation existing under the laws of Delaware with a principal place of business in Anaheim, California.

6.

Debtors are residents of Stone Mountain, Georgia.

7.

On or about August 11, 2011, Gwenzella L. Homes ("Gwenzella Holmes") and Luther Holmes and/or their son, Loumario Holmes a/k/a Mario Holmes, acting on Luther Holmes' behalf, entered into a certain Retail Installment Contract and Security Agreement (the "Contract") for the purchase of a 2010 Land Rover Range Rover, VIN SALMF1D40AA319941 (the "Subject Vehicle") with Lou Sobh Pontiac. The Contract was assigned to GOLF for value by the selling dealer. A copy of the Contract is attached hereto as **Exhibit "A"** and is incorporated herein by reference.

8.

The total sale price for the Subject Vehicle was $99,533.28.

9.

In connection with Debtors entering into the Contract, an application for credit (the

"Credit Application") was submitted to GOLF.  A true and correct copy of the Credit Application submitted by or on behalf of Gwenzella Holmes and Luther Holmes is attached hereto and incorporated herein as **Exhibit "B"**.

10.

The Credit Application concerned the Debtors' financial condition.

11.

According to the Credit Application, Gwenzella Holmes earned $144,000.00 annually from Maxxum Mgt Group LLC.  See, Exhibit "B", p. 1.

12.

In addition to the Credit Application, an earnings statement for Gwenzella Holmes was submitted to GOLF for the period between July 16, 2011 and July 31, 2011.  A true and correct copy of Gwenzella Holmes' earning statement is attached hereto and incorporated herein as **Exhibit "C"**.

13.

According to records on file with the Georgia Secretary of State, at the time the Contract was executed, Gwenzella Holmes was the Chief Executive Officer of Maxxum Management Group, LLC ("Maxxum").

14.

According to the Credit Application, Luther Holmes was employed by Miranda as a Vice President earning a monthly salary of $11,333.00.  See, Exhibit "B", p. 2.

15.

In addition to the Credit Application, an earnings statement for Luther Holmes was submitted to GOLF for the period between July 16, 2011 and July 31, 2011.  A true and correct

copy of Luther Holmes' earning statement is attached hereto and incorporated herein as **Exhibit "D"**.

16.

At a deposition conducted of Luther Holmes, taken pursuant to Bankruptcy Rule 2004, Luther Holmes testified that the Miranda referred to in the Credit Application was Miranda Enterprises, Inc. ("Miranda") and that Miranda was a subsidiary corporation of Maxxum.

17.

According to records on file with the Georgia Secretary of State, at the time the Contract was executed, Luther Holmes was also the Chief Financial Officer and Secretary of both Miranda and Maxxum.

18.

At their respective depositions taken pursuant to Bankruptcy Rule 2004, both Gwenzella Holmes and Luther Holmes testified that they were not paid any salary or otherwise received any income from Maxxum or Miranda.

19.

Prior to entering into the Contract, the Debtors represented to GOLF that they were purchasing the Subject Vehicle for their personal use.

20.

The representation that the Subject Vehicle was being purchased for the Debtors' personal use was false.

21.

Instead, the Debtors purchased the Subject Vehicle instead for use in their son, Loumario Holmes' business, Maxxum.

22.

Maxxum rented and subleased multiple vehicles to third parties, including the Subject Vehicle.

23.

Upon information and belief, the Subject Vehicle was subsequently leased and/or rented to various individuals through Maxxum, in direct violation of Contract provisions prohibiting the Defendants from transferring any rights in the Subject Vehicle without the prior consent of Plaintiff.  See, Exhibit "A".

24.

On or about February 4, 2013, the Subject Vehicle was repossessed.

25.

At the time the Subject Vehicle was repossessed, it was in possession of a third party.

26.

Following the disposition of the Subject Vehicle, there remains due and owing on the Contract a deficiency balance in the amount of $32,475.02.

27.

As of the Debtors' petition date, the balance owing on the Contract was in the sum of $26,155.84 principal, $2,039.57 interest, $450.00 late charges, $2,347.11 legal fees and $2,165.00 repossession expenses.

## COUNT I

11 U.S.C. § 523(a)(2)(A)

28.

Plaintiff hereby re-alleges and incorporates herein by reference the allegations contained

in Paragraphs 1 through 27 above.

29.

The debt owed to GOLF is a debt concerning property obtained by false pretense, false representation, or actual fraud, other than a statement respecting the debtors' or an insider's financial condition.

30.

Debtors used false pretenses, false representations, and actual fraud when entering into the Contract.

31.

GOLF relied upon the Debtors misrepresentations in funding and taking assignment of the Contract.

32.

GOLF's reliance upon the Debtors' misrepresentations was reasonable.

33.

As a result of Debtors' misrepresentations, GOLF has suffered damages.

34.

For the foregoing reasons, the balance due and owing on the Contract of $33,157.52 is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

## **COUNT II**

11 U.S.C. § 523(a)(2)(B)

35.

Plaintiff hereby re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 34 above.

36.

The Credit Application and earnings statements submitted to GOLF were materially false.

37.

The Credit Application and earnings statements involved the Debtors' financial condition.

38.

In reasonable reliance on the financial information provided by Debtors regarding their financial condition, GOLF funded and took assignment of the Contract.

39.

The Debtors caused these written statements to be made or published with the intent to deceive GOLF.

40.

For the foregoing reasons, the balance due and owing on the Contract of $33,157.52 is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(B).

WHEREFORE, Plaintiff prays as follows:

1. That the Court declare the instant debt nondischargeable pursuant to the provisions of 11 U.S.C. §523(a)(2)(A);

2. That the Court declare the instant debt nondischargeable pursuant to the provisions of 11 U.S.C. §523(a)(2)(B);

3. That GOLF be granted a nondischargeable judgment in the amount of $33,157.52 pursuant to 11 U.S.C. § 523(a)(2)(A), plus interest, reasonable attorneys' fees, costs, and for any such further relief as the Court may deem appropriate;

4. That GOLF be granted a nondischargeable judgment in the amount of $33,157.52 pursuant to 11 U.S.C. § 523(a)(2)(B), plus interest, reasonable attorneys' fees, costs, and for any such further relief as the Court may deem appropriate; and

5. That it have and recover such other and further relief as the Court may deem just and proper.

This the 27th day of September, 2013.

McCULLOUGH PAYNE & HAAN, LLC

  /s/ Lisa Ritchey Craig
Lisa Ritchey Craig
Georgia Bar No. 606755

  /s/ Christopher J. Reading
Christopher J. Reading
Georgia Bar No. 141761

271 17th Street NW, Suite 2200
Atlanta, Georgia 30363
(404) 873-1386 (telephone)
(404) 875-4617 (facsimile)
creading@mphlawfirm.com
ATTORNEYS FOR PLAINTIFF
MPH FILE NO. 267.00007